CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 28 2014

JULIA C. DUDLEY, CLERK
BY: _____
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:14-CV-00044 |
| | ) | |
| v. | ) | |
| | ) | CONSENT DECREE |
| APPALACHIAN POWER COMPANY and | ) | |
| KINGSPORT POWER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

# TABLE OF CONTENTS

I.     BACKGROUND ........................................................................................................... 1

II.    JURISDICTION ........................................................................................................... 1

III.   PARTIES BOUND ....................................................................................................... 2

IV.    DEFINITIONS.............................................................................................................. 2

V.     PAYMENT OF RESPONSE COSTS .......................................................................... 4

VI.    FAILURE TO COMPLY WITH CONSENT DECREE ............................................. 5

VII.   COVENANTS BY PLAINTIFF .................................................................................. 7

VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES ............................................ 8

IX.    COVENANTS BY SETTLING DEFENDANTS ........................................................ 8

X.     EFFECT OF SETTLEMENT/CONTRIBUTION ..................................................... 10

XI.    RETENTION OF RECORDS .................................................................................... 12

XII.   NOTICES AND SUBMISSIONS .............................................................................. 13

XIII.  RETENTION OF JURISDICTION ........................................................................... 14

XIV.   INTEGRATION/APPENDICES ................................................................................ 15

XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .............................. 15

XVI.   SIGNATORIES/SERVICE........................................................................................ 15

XVII.  FINAL JUDGMENT .................................................................................................. 16

i

# I.   BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter pursuant to Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, ("CERCLA"), 42 U.S.C. §§ 9607 and 9613.  The Complaint seeks reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Twin Cities Iron and Metal Superfund Site in Bristol, Virginia ("the Site"), and a declaratory judgment that the defendants are jointly and severally liable for any future response costs incurred by the United States in connection with the Site.

B.    The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint, nor do Settling Defendants admit any fact or legal conclusion alleged in the Complaint.

C.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED.

# II.   JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to

1

28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2.  This Consent Decree is binding upon the United States, and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

### IV. DEFINITIONS

3.  Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

b.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c.  "Day" or "day" shall mean a calendar day. In computing any period of time under

2

this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

e. "Effective Date" shall mean the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

f. "EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and the Settling Defendants.

k. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through January 8, 2013, plus accrued Interest on all such costs through such date.

l. "Plaintiff" shall mean the United States.

3

m. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

n. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

o. "Settling Defendants" shall mean the Appalachian Power Company and the Kingsport Power Company.

p. "Site" shall mean the Twin Cities Iron and Metal Superfund Site, encompassing approximately 12 acres, located along 950-1000 Fairview Street in Bristol, Virginia, and generally shown on the map included as Appendix A.

q. "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. PAYMENT OF RESPONSE COSTS

4. <u>Payment by Settling Defendants for Past Response Costs</u>. Within 30 days after the Effective Date, Settling Defendants shall pay to EPA the amount of $ 250,250.00.

5. Payment by Settling Defendants shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District of Virginia after the Effective Date. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU shall provide the payment instructions to:

Julie Rutter, Esq.
Senior Counsel & Chief Compliance Officer
American Electric Power
1 Riverside Plaza

4

Columbus, Ohio 43215
(614) 716-2229
jarutter@aep.com

on behalf of Settling Defendants. Settling Defendants may change the individual to receive

payment instructions on their behalf by providing written notice of such change to DOJ and EPA

in accordance with Section XII (Notices and Submissions).

6.      At the time of payment, Settling Defendants shall send notice that payment has

been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the

EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 03-EN, and DOJ case

number 90-11-3-10712.

7.      The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in

the EPA Hazardous Substance Superfund.

## VI.     FAILURE TO COMPLY WITH CONSENT DECREE

8.      <u>Interest on Late Payments</u>.  If any Settling Defendant fails to make any payment

under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due

date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.      <u>Stipulated Penalty</u>.

a.  If the amount due to EPA under Paragraph 4 (Payment by Settling Defendants for

Past Response Costs) is not paid by the required date in Paragraph 4, Settling Defendants shall be

in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the

Interest required by Paragraph 8, $1,000 per day that such payment is late.

5

b.  Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

> Federal Reserve Bank of New York
> ABA  =  021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045
>
> Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

and shall reference the CDCS Number, Site/Spill ID Number 03-EN, and DOJ Case Number 90-11-3-10712.

c.  At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number 03-EN, the CDCS Number, and DOJ Case Number 90-11-3-10712.

d.  Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due under Paragraph 4, and shall continue to accrue through the date of payment.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent

6

Decree.

10.    If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

12.    The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several as between Settling Defendants.

13.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V or from performance of any other requirements of this Consent Decree.

### VII.    COVENANTS BY PLAINTIFF

14.    Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  These covenants shall take effect upon receipt by EPA of the payments required by Paragraph 4 (Payment by Settling Defendants for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 8 (Interest on Late Payments) or Paragraph 9 (Stipulated Penalty).  These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  These covenants extend only

7

to Settling Defendants and do not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

15.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenants by Plaintiff in Paragraph 14.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a.   liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.   liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.   liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.   criminal liability; and

e.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.   COVENANTS BY SETTLING DEFENDANTS

16.     <u>Covenants by Settling Defendants</u>.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

8

b.   any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Virginia, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.   any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

17.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18.   Claims Against De Micromis Parties.  Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

19.   The waiver in Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the

9

above criteria if EPA determines:

      a.   that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

      b.   that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

      20.    <u>Claims Against Ability to Pay Parties</u>. Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against any person that has entered or in the future enters into a final settlement based on limited ability to pay with EPA with respect to the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION

      21.    Except as provided in Paragraph 18, 19, and 20 (Claims Against De Micromis Parties and Claims Against Ability to Pay Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendants), each of

the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

22.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that each Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs. The Parties further agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, "resolved its liability to the United States… for some or all of a response action or for some or all of the costs of such action" for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

23.    Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling

Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI.    RETENTION OF RECORDS

25.    Until 10 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, or information (including records in electronic form) (hereinafter referred to as "Records") now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

26.    After the conclusion of the 10-year document retention period in the preceding Paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such Records to EPA.  Settling Defendants may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (1) the title of the Record;

12

(2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no Records created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged or confidential.

27.     Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XII.     NOTICES AND SUBMISSIONS

28.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendant, respectively.

13

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-10712

As to EPA:

Robin E. Eiseman
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street, Mail Code 3RC41
Philadelphia, PA 19103

As to Settling Defendants:

On behalf of Appalachian Power Company and Kingsport Power Company:

David A. Laing, Esq.
Assistant General Counsel
American Electric Power
1 Riverside Plaza
Columbus, Ohio 43215

Charles Patton
President & COO
Appalachian Power Company
Kingsport Power Company
Suite 1100, Chase Tower
707 Virginia St., E.
Charleston, WV 25301

## XIII. RETENTION OF JURISDICTION

29.     This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

14

## XIV. INTEGRATION/APPENDICES

30.     This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

31.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

32.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. SIGNATORIES/SERVICE

33.     Each undersigned representative of a Settling Defendant to this Consent Decree and the Acting Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

34.     Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified

15

Settling Defendants in writing that it no longer supports entry of the Consent Decree.

35.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

36.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS **28**<sup>th</sup> DAY OF *August*, 2014.

_____
United States District Judge
Western District of Virginia

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Appalachian Power Company et al.*

**FOR THE UNITED STATES OF AMERICA:**

6/29/14
Date

SAM HIRSCH
Acting Assistant Attorney General
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

LAURA A. THOMS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

17

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Appalachian Power Company et al.*

                    **FOR THE UNITED STATES OF AMERICA:**


                    TIMOTHY J. HEAPHY
                    United States Attorney
                    Western District of Virginia


                    SARA BUGBEE WINN
                    Assistant United States Attorney
                    Virginia State Bar No. 35924
                    P. O. Box 1709
                    Roanoke, VA 24008
                    Phone: (540) 857-2250
                    Sara.winn@usdoj.gov

18

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Appalachian Power Company et al.*

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

SHAWN M. GARVIN
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street, (3RA00)
Philadelphia, PA 19103

MARCIA E. MULKEY
Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street, (3RC00)
Philadelphia, PA 19103

ROBIN E. EISEMAN
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street, (3RC41)
Philadelphia, PA 19103

19

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Appalachian Power Company et al.*

**FOR APPALACHIAN POWER COMPANY, INC.**

*5-12-14*
_____
Date

Charles Patton
President & COO
Appalachian Power Company
Suite 1100, Chase Tower
707 Virginia St., E.
Charleston, WV 25301

Agent Authorized to Accept Service on Behalf of Above-signed Party:

David A. Laing, Esq.
Assistant General Counsel
American Electric Power
1 Riverside Plaza
Columbus, Ohio 43215
(612) 716-2345
dalaing@aep.com

20

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Appalachian Power Company, et al.*

### FOR KINGSPORT POWER COMPANY, INC.

5-12-14
_____
Date

*Charles Patton*
_____
Charles Patton
President & COO
Kingsport Power Company
Suite 1100, Chase Tower
707 Virginia St., E.
Charleston, WV 25301


Agent Authorized to Accept Service on Behalf of Above-signed Party:

David A. Laing, Esq.
Assistant General Counsel
American Electric Power
1 Riverside Plaza
Columbus, Ohio 43215
(612) 716-2345
dalaing@aep.com

21

## APPENDIX A
## Map of Twin Cities Iron and Metal Superfund Site

